Exhibit A





November 8, 2023

Kelly Galvin
Assistant United States Attorney Office of the
U.S. Attorney
325 City Centre One
100 East Federal Plaza
Youngstown, OH 44503

    Re:    <u>United States v Brandon Kimbrough</u>
              Case No.: 1:23-CR-462-5

Dear Ms. Galvins,

    I am writing pursuant to FED.R.CRIM.P.16 and other applicable authority, to request discovery in the above-captioned matter. This request includes, but is not limited to, the following information.

A.    <u>Defendant's Oral Statements.</u> The substance of any and all oral statements made by the defendant whether before or after interrogation by any person then known by the defendant to be a government agent that the government intends to use at trial regardless of whether the statement is recorded. <u>See</u> Rule 16(a)(1)(A). This request also includes the substance of the defendant's response to <u>Miranda</u> warnings. <u>United States v. McElroy,</u> 697 F.2d 459, 465 (2nd Cir. 1982). (Reversal of defendant's conviction where the government failed to inform the defense that the defendant invoked his rights).

    This request would include an agent's summary oi the defendant's statement in a report and/or rough notes if they include the defendant's statement. <u>See</u> <u>United States v. Johnson</u> 525 F.2d 999 (2nd Cir.) <u>cert. denied</u> 424 U.S. 920 (1976). This request is not limited to statements which the government <u>intends to introduce</u> at trial. But rather, any statement the government intends to use at trial including as impeachment.



Pittsburgh        Cranberry        Washington        Morgantown

1-844-PITT-DUI
F: (412) 253-6520
SeanLogueLaw.com

B. **<u>Defendant's Written or Recorded Statement</u>**. Disclosure of all of the following:

>i. Any written or recorded statement by the Defendant within the government's possession, custody or control, or through due diligence the government could know the existence of.
>
>iie Portions of any written record containing the substances of any oral statement made before or after arrest, the Defendant may make in response to interrogation by a person Defendant knew was a government agent.
>
>iii. We also request that you determine whether Defendant has made an oral statement to any law enforcement officer or agent which the government intends to use at trial but which has not been reduced to writing. If such a statement is found to exist, it is requested that you cause it to be reduced to writing and produced.
>
>iv. The Defendant's recorded testimony before a grand jury relating to the charges herein.

C. **<u>Defendant's Prior Record – Rule 16(a)(1)(D).</u>** Please provide a copy of the Defendant's prior criminal record, including all matters known to or reasonably discoverable by the government which may affect the criminal history score under the United States Sentencing Guidelines, Chapter 4. This request includes the Defendant's entire criminal record, including all offenses regardless of the severity.

D. **<u>Documents and Objects.</u>** Disclosure forthwith of documents and tangible objects, including the right to inspect, copy and photograph books, papers, documents, tape recordings of conversations, photographs and tangible objects, buildings or places or copies or portions thereof in the custody and control of the government which are material to the preparation of the defense or are intended for use by the government as evidence in its case-in-chief at trial or was obtained from or belongs to the Defendant.

E. **<u>Report of Examinations and Tests</u>**. Disclosure forthwith of reports of examination and tests, including the right to inspect and copy or photograph any results or reports of scientific tests or experiments made in connection with the instant case that are material in preparing a defense or that the government intends to use in its case-in-chief at trial.

F. **<u>Search and Seizure and Electronic, Physical and Other Surveillance</u>**. As a predicate to the filing of motions pursuant to Rule 12 of the Federal Rules of Criminal Procedure, Defendant requests that he be informed:

>i. Whether any evidence in the government's possession, custody or control, whether intended to be used at trial or not, was acquired by search and seizure, and a description of all such evidence.
>
>ii. Whether any evidence in the state's possession, custody or control, whether intended to be used at trial or not, was obtained through or derived from any electronic or mechanical surveillance, audio, or video tapes, wiretaps, eavesdropping, and/or pen registers, and a description of any such evidence, including but not limited to summaries and/or hand written logs thereof.

G. **Summaries.** Pursuant to Rule 1006, Federal Rules of Evidence, the Defendant requests that he be advised whether the government will seek to offer any chart, summary or calculation in evidence and that all writings, recordings, or other information on which such charts, summaries or calculations are based be made available for inspection and copying.

H. **Expert Witnesses**. Written summaries of any testimony that the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial or on the issue of the Defendant's mental condition. All summaries are to describe the witnesses opinions, the basis and reasons for those opinions, and the witnesses' qualifications.

I. **Rule 12(a)(4) Notice.** Defendant requests notice of the government's intention to use in evidence in chief at trial any evidence which the defendant may be entitled to discover under Rule 16. Please note that no material subject to discovery should be forwarded to the judge in this case except under seal, unless the judge orders otherwise. Rule 3:5:1 Local Rules of the United States District Court, Northern District of Ohio.

J. **Other Offense Evidence Rule 404(b).** Defendant requests notice of the nature of any "other offense" evidence which the government intends to use at trial in its case-in-chief or in rebuttal, together with any documents or tangible objects which the government intends to introduce in evidence in connection with such other offense evidence; any documents material to the preparation of the defense in opposition to said other offense evidence; and, any written or oral statement made by the defendant relevant to said other offense evidence, as such statements are defined in Rule 16(a)(1)(A). See Rule 404(b), Federal Rules of Evidence; Rule 16(a)(l)(C), Federal Rules of Criminal Procedure.

K. **Witness Prior Statements**. Disclosure of all government witnesses' prior statements after each witness has testified on direct examination in the trial of this matter.

L. **Evidence Favorable to Defendant.** The disclosure of all evidence, known or which may become known to the government, favorable to the Defendant and material either to guilt or punishment. This request includes, but is not limited to, the following:

  i. Criminal records of all government witnesses.

  ii. Witness statements favorable to the Defendant. Prior contrary/or inconsistent statements of any government witness.

  iii. Promises of immunity, plea bargains or any other consideration given to any government witness.

  iv. Giglio materials. Defendant requests, pursuant to Giglio v. United States, 405 U.S. 150 (1972) and its progeny that the government produces any information known or reasonably discoverable by the government which might bear unfavorably upon the credibility of any witnesses expected to be called to testify by the government at trial. Such information should include, but not be limited to: (a) witness's prior criminal record to include pending cases; (b) any known instance of the witness having made a false statement to a law enforcement officer either before or after arrest in the instant case, or while under oath; (c) any direct or implied promises of benefit or leniency in

    whatever form, known to have been made with respect to this or any other case; (d) information, in any form, related to the length and extent of the witness' addiction to narcotic drugs; and (e) the name and address of any person(s) known to the government to whom the witness has made statements concerning the subjects of the indictment, which statements were inconsistent with statements made by the witness to law enforcement officers.

v. Any information that any government witness is or has been an informant for the government or any law enforcement agency as well as the disclosure of any and all consideration given, or promises made, to the witness in return for his/her work as an informant or in return for his/her testimony or assistance in the investigation in this matter.

vi. Disclosure of the existence of witnesses favorable to the Defendant.

vii. Any information which shows the bias, motive to lie or exaggerated testimony, or any other credibility concerns with any government witness.

viii. The disclosure of all information which would permit the Defendant to challenge the thoroughness, methods, reliability and good faith of the investigation of this case. See, Kyles v. Whitley, 514 U.S. 419, 455 (1995).

ix. The disclosure of all negative exculpatory statements of informed witnesses that do not mention the Defendant. See Jones v. Jago, 575 F.2d 1164 (6th Cir.), cert. denied 439 U.S. 833 (1978).

x. Information indicating that the Defendant has accepted responsibility for his/her offense.

xi. Information indicating that the Defendant has provided substantial assistance to authorities.

xii. Information indicating that the Defendant was a minor or minimal participant in the offense activity.

xiii. Information indicating that the Defendant acted under duress or coercion, although not rising to a complete defense.

xiv. Information indicating that the Defendant suffered from diminished capacity or any other mental or emotional condition at the lime of the offense.

xv. Information indicating that the victim contributed to provoking the offense behavior.

XVI. Information indicating that the counts of the indictment should be grouped.

Please advise all investigating officers in this case that they should not initiate any contact with my client, and that any communication intended for her be made through me. All government agents should be further directed to preserve all of their rough notes.

Please also forward to me any other information which would bear upon an understanding or computation of the following sentencing and guideline factors: base offense levels, specific offense characteristics, relevant conduct, adjustments, criminal history, offender characteristics, plea agreements, departures, probation and supervised release.

Please send the above-requested discovery to me as soon as possible, and/or notify me if other arrangements need be made. With respect to the inspection of physical evidence, please let me know when such evidence is available so that I may make arrangements to inspect it. This discovery request is a continuing request. See Rule 16(C). Please notify me immediately as additional material becomes available.

These requests are of a continuing nature which presume that you will keep me immediately advised of any further information that comes to your attention which might in any way alter or modify your response to the inquiries set forth above.

If I may be of service with regard to this matter, please feel free to contact me at 412-389-0805.

Sincerely,

__s/ Sean Logue_____
Sean Logue, Esquire
Counsel for Defendant